| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |
| | Case Type: Contract – Other |

William Blaul and Wendy Blaul,

                Plaintiffs,

vs.                                             SUMMONS

Forest River Inc., a foreign corporation
transacting business in the State of Minnesota,

                Defendant.

### THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

**1.   YOU ARE BEING SUED.** The Plaintiffs have started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

**2.   YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

> Daniel J. Brennan
> Todd E. Gadtke
> Gadtke Law Firm, P.A.
> 11210 – 86th Avenue North
> Maple Grove, MN 55369
> Telephone: (763) 315-4548

**3.   YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

**4.   YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.


EXHIBIT A

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

The objects of this action are Magnuson-Moss Warranty Act and Minnesota breach of warranty claims.

Date: December 9, 2016                    GADTKE LAW FIRM, P.A.

By: _____
Daniel J. Brennan (#284646)
Todd E. Gadtke (#276704)
11210 – 86th Avenue North
Maple Grove, MN 55369
Telephone: (763) 315-4548

**ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |
| | Case Type: Contract – Other |

William Blaul and Wendy Blaul,

      Plaintiffs,

vs.               **COMPLAINT**

Forest River Inc., a foreign corporation
transacting business in the State of Minnesota,

      Defendant.

Plaintiffs, as and for their cause of action against Defendant, allege as follows:

1. Plaintiffs resides at 288 139th Lane N.W., City of Andover, State of Minnesota.

2. Defendant is a foreign corporation transacting business in the State of Minnesota.

3. Defendant transacts business in the State of Minnesota by selling, among other things, motor homes to Minnesota consumers through its authorized dealerships, including in Anoka County.

4. Defendant does not have an office or place of business in the State of Minnesota, but Anoka County is the county in which the cause of action or some part thereof arose.

5. Therefore, pursuant to Minn. Stat. § 542.09, venue is proper in Anoka County.

6. On or about August 27, 2015, Plaintiffs purchased and took delivery of a new 2015 Forest River Legacy 360RB motor home (the "Vehicle") from Defendant's authorized dealership.

7. The vehicle identification number of the Vehicle is 4UZACJDT2FCGE0427.

8. Included with the sale of the Vehicle Defendant's express written warranty.

9. Also included with the Vehicle was Defendant's implied warranty of merchantability.

10.     The problems, conditions and/or defects experienced by Plaintiffs are evidenced by, but not necessarily limited to, a failed and defective main slideout and surrounding damage from its defective operation, a failed and defective ice maker, a failed and defective seat belt that was subject to recall, failed and defective hydraulic pump, a failed and defective front seat, a failed and defective water heater, a failed and defective sound bar, water leaks in the washing machine, the driver's door latch failing and opening during travel, a failed and defective windshield wiper, a failed and defective navigation system, water intruding into passenger compartment, the engine shutting off in conjunction with a fluctuating temperature gauge, a failed and defective horn, entry door warping, leaks around the main slideout, a failed and defective awning, check engine light illuminated with overheating codes stored, and extensive damage to interior and exterior of vehicle during factory's attempt to make repairs to the slideout and other defects, as well as any and all other complaints reported by Plaintiffs, or persons acting on Plaintiffs' behalves, to Defendant, which are incorporated herein by reference.

11.     Plaintiffs presented the above-referenced warranted problems in the Vehicle to Defendant for repair within the applicable warranty periods.

12.     Defendant, however, failed or refused to make the needed warranted repairs within a reasonable period of time or number of attempts, if at all.

13.     By letter dated November 21, 2016, Plaintiffs, through their attorneys, gave Defendant notice that due to its failure or refusal to repair the above-referenced defects or conditions in a reasonable number of attempts or period of time, or to deliver the vehicle to Plaintiffs in a condition suited for its ordinary purposes, Defendant had breached its warranties to Plaintiffs and, in the absence of Defendant curing its breach(es) and/or statutory violations by compensating Plaintiffs for them, Plaintiffs intended to pursue, without limitation, claims arising under the Magnuson-Moss Warranty Act and Minnesota breach of warranty law.

14. As of the date of this Complaint, Defendant has not cured its breaches.

## COUNT 1
### VIOLATION OF 15 U.S.C. SECTION 2310(d). ("MAGNUSON-MOSS WARRANTY ACT")

15. Plaintiffs reallege Paragraphs 1 through 14 as though fully set forth herein.

16. The Vehicle is a "consumer product" as the Magnuson-Moss Warranty Act defines that term.

17. The subject written warranty is a "warranty" as the Magnuson-Moss Warranty Act defines that term.

18. Plaintiffs are "consumers" as the Magnuson-Moss Warranty Act defines that term.

19. Defendant is a "warrantor" as the Magnuson-Moss Warranty Act defines that term.

20. Because Defendant has violated one or more of the Counts stated below, it has violated the Magnuson-Moss Warranty Act, thereby entitling Plaintiffs to those remedies permitted by Minnesota law, including without limitation, consequential, incidental and loss of use damages, and entitling Plaintiffs to receive the reasonable legal fees and litigation costs incurred prosecuting this matter.

## COUNT 2
### BREACH OF EXPRESS WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT

21. Plaintiffs reallege Paragraphs 1 through 20 as though fully set forth herein

22. Defendant's written warranty is an affirmation of fact or promise that relates to the Vehicle and became part of the basis for the bargain struck by Plaintiffs regarding the Vehicle.

23. Defendant's express warranty required Defendant to remedy the above-referenced defects in the Vehicle.

24. Plaintiffs notified Defendant of the defects in the Vehicle within a reasonable time after discovering them and within the applicable warranty period.

25. Defendant failed to remedy the above-referenced defect(s) in the Vehicle within a reasonable number of attempts.

26. Defendant failed to remedy the above-referenced defect(s) in the Vehicle within a reasonable or period of time.

27. Defendant has, therefore, breached its express warranty to Plaintiffs.

28. Plaintiffs gave Defendant notice and an opportunity to cure its breach, but Defendant failed or refused to do so.

29. Defendant's breach of its express warranty has directly and proximately caused Plaintiffs' damages.

30. Plaintiffs are, therefore, entitled to recover, without limitation, actual, incidental, consequential and loss of use damages from Defendant as provided by Minnesota law, plus legal fees and litigation costs incurred pursuant to 15 U.S.C. § 2310(d).

### COUNT 3
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT
### (VIOLATION OF MINN. STAT. § 336.2-314)

31. Plaintiffs reallege Paragraphs 1 through 30 as though fully set forth herein

32. Defendant is a merchant with respect to the Vehicle.

33. Included with Plaintiffs' purchase of the Vehicle was an implied warranty of merchantability.

34. Defendant did not effectively exclude said warranty of merchantability.

35. Defendant did not effectively modify said warranty of merchantability.

36. The Vehicle was of a character and quality that it would not pass without objection in the trade under the contract description.

37. The Vehicle was not fit for the ordinary purpose for which such goods are used.

38. The Vehicle was not of fair average quality within the contract description.

39. The Vehicle did not run, within the variations permitted by the agreement, of even kind, quality and quantity.

40. The Vehicle did not conform to the promises or affirmation of fact made on the container or label that accompanied its delivery to Plaintiffs.

41. Plaintiffs gave Defendant notice and an opportunity to cure its breach, but Defendant failed or refused to do so.

42. Defendant has therefore breached its implied warranty of merchantability to Plaintiffs.

43. Plaintiffs are, therefore, entitled to recover, without limitation, actual, incidental, consequential and loss of use damages from Defendant as provided by Minnesota law, plus legal fees and litigation costs incurred pursuant to 15 U.S.C. § 2310(d).

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant for damages up to and including the approximate amount of $238,578.12, plus incidental and consequential damages, loss of use damages, attorney fees and litigation costs in a reasonable amount to be specifically proven at the time of trial, together with pre-judgment and post-judgment interest and all other costs the Court deems just.

## ACKNOWLEDGMENT

Plaintiffs assert these claims in good faith and acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party as provided by Minnesota Statutes Section 549.211, subd. 2 (1994).

Date: December 9, 2016		GADTKE LAW FIRM, P.A.

By: _____
Daniel J. Brennan (#284646)
Todd E. Gadtke (#276704)
11210 – 86th Avenue North
Maple Grove, MN 55369
Telephone: (763) 315-4548

**ATTORNEYS FOR PLAINTIFFS**

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |
| | Case Type: Contract – Other |
| William Blaul and Wendy Blaul, | Case No. _____ |
| Plaintiffs, | |
| v. | ANSWER |
| Forest River, Inc., a foreign corporation transacting business in the State of Minnesota, | |
| Defendant. | |

Defendant Forest River, Inc. ("Forest River") for its Answer to the Complaint of Plaintiffs William and Wendy Blaul denies each and every allegation, except as hereinafter admitted or otherwise qualified. For its answer to each specific paragraph of the Complaint, Forest River states as follows:

1. Forest River admits the allegations Paragraph 1 on information and belief.

2. Forest River admits the allegations in Paragraph 2.

3. Forest River admits the allegations in Paragraph 3.

4. Forest River admits the allegations in Paragraph 4.

5. Forest River admits the allegations in Paragraph 5.

6. As to the allegations in Paragraph 6, Forest River admits that Plaintiffs purchased and took delivery of a Forest River Legacy 360RB recreational vehicle in 2015 ("Vehicle"), but Forest River is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

7. Forest River admits the allegations in Paragraph 7.

1

8. As to the allegations in Paragraph 8, Forest River admits that a Limited Warranty for Recreational Vehicles by Forest River Inc. was included in the owners' manual for the Vehicle and denies the remaining allegations.

9. As to the allegations in Paragraph 9, Forest River admits that Minn. Stat. § 336.2-314 imposes "a warranty that the goods shall be merchantable" in a contract for sale of goods if the seller is a merchant with respect to goods of that kind and denies the remaining allegations. Forest River states that its Limited Warranty for Recreational Vehicles by Forest River Inc. imposes limitations on implied warranties of merchantability.

10. As to the allegations in Paragraph 10, Forest River admits that Plaintiffs reported certain complaints about the Vehicle to Forest River and denies the remaining allegations.

11. As to the allegations in Paragraph 11, Forest River admits that Plaintiffs reported certain complaints about the Vehicle to Forest River for repairs and denies the remaining allegations.

12. Forest River denies the allegations in Paragraph 12.

13. Forest River denies the allegations in Paragraph 13.

14. Forest River denies the allegations in Paragraph 14.

### COUNT 1
### VIOLATION OF 15 USC § 2310(d)
### MAGNUSON-MOSS WARRANTY ACT

15. As to the allegations in Paragraph 15, Forest River realleges all previous paragraphs as though fully set forth herein.

16. Paragraphs 16-19 state legal conclusions to which no response is required. To the extent a response is required, Forest River states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

17. Forest River denies the allegations in Paragraph 20.

## COUNT 2
### BREACH OF EXPRESS WARRANTY UNDER THE MAGNUSON-MOSS WARRANTY ACT

18. As to the allegations in Paragraph 21, Forest River realleges all previous paragraphs as though fully set forth herein.

19. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Forest River states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Forest River denies the allegations in Paragraphs 23-30.

## COUNT 3
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT
### (VIOLATION OF MINN. STAT. § 336.2-314)

21. As to the allegations in Paragraph 31, Forest River realleges all previous paragraphs as though fully set forth herein.

22. Paragraphs 32-35 state legal conclusions to which no response is required. To the extent a response is required, Forest River states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

23. Forest River denies the allegations in Paragraphs 36-43.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Forest River may not have been properly served with the Complaint.

3. Plaintiffs' claims may be barred, in whole or in part, by limitations or disclaimers of warranty.

4. Plaintiffs' claims may be barred, in whole or in part, by lack of notice and failure to provide opportunity to remedy.

5. Plaintiffs' claims may be barred, in whole or in part, by a failure to register the warranty.

6. Plaintiffs' damages may have been caused, in whole or in part, by Plaintiffs' own conduct and use of the Vehicle, or by the conduct of persons not under Forest River's control.

7. Forest River reserves the right to add affirmative defenses as facts are uncovered in discovery.

## PRAYER FOR RELIEF

WHEREFORE, Forest River seeks an order for judgment from the Court as follows:

1. Dismissing Plaintiff's Complaint in its entirety and with prejudice; and

2. For such other and further relief as the Court deems just and equitable.

Dated: January 11, 2017
          GRAY, PLANT, MOOTY,
           MOOTY & BENNETT, P.A.


By *s/Joy R. Anderson*
   Joy R. Anderson (#0388217)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 632-3292
Facsimile: (612) 632-4292
joy.anderson@gpmlaw.com

**ATTORNEYS FOR DEFENDANT**

## ACKNOWLEDGMENT REQUIRED BY MINN. STAT. § 549.211

Defendant Forest River, Inc. acknowledges, pursuant to Minn. Stat. § 549.211, that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing parties for actions in bad faith; the assertion of a claim or a defense that is frivolous and that is costly to the other party; the assertion of an unfounded position solely to delay the ordinary course of the proceedings or to harass; or the commission of a fraud upon the Court.

Dated: January 11, 2017

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By  *s/Joy R. Anderson*
    Joy R. Anderson (#0388217)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 632-3292
Facsimile: (612) 632-4292
joy.anderson@gpmlaw.com

**ATTORNEYS FOR DEFENDANT**

GP:4723597 v1

5